By the Court,
Monell, J.
A compliance with the agreement alleged in the complaint, and proved substantially by the testimony of the plaintiff, required the exercise of all reasonable and diligent, efforts, by the defendant, to obtain the highest market price for the tobacco. Independently, however, of any express agreement to use extraordinary efforts to sell, the law implies an agreement, on the part of consignees of property intrusted to them for sale, to obtain the best price, by means of faithful and diligent efforts to ascertain and procure, at least, the highest market value of the property consigned. The principal, if not the sole, question, therefore, which it was necessary to submit to the jury, was, whether the defendant had complied with such express or implied agreement, by obtaining for the tobacco the "highest market price. In determining that question, it was the duty and province of the jury to examine the evidence of the quality of the tobacco, and of its fair value in the market at the time of the sale ; and their determination of such questions will not be disturbed, unless it is so clearly against the weight of evidence as to lead to the conclusion that they were influenced by corrupt motives.
I have read the evidence attentively, and am unable to find any reason for disturbing the verdict. The plaintiff furnished much proof of the quality of the tobacco. He was himself a grower of and dealer in tobacco. He assisted in assorting and casing some of it, and examined the whole, and' says it *203 was of fair quality. The witness Moore, who raised the tobacco, described the manner of airing and packing. He says it was assorted into two qualities, fillers and wrappers, and that it was a good quality of tobacco. Sidney 0. Linsly also testified that the quality was good. Two witnesses, William and Levi Palmer, furnished evidence that first quality tobacco was worth from forty to fifty cents per pound, and second quality from ten to fifteen cents. Besides, the declaration of the defendant, to two of the plaintiff’s witnesses, that Connecticut seed leaf was worth from forty-five to fifty cents, was uncontradicted.
In opposition to this there is only the evidence of one witness and the defendant’s' testimony. Dreyer, who purchased the tobacco, says he paid the market price, but could not say what the quality was, as he had no particular recollection of that particular lot. The defendant testified that it was the poorest grade of Connecticut tobacco, and that he got more for it than he could have since got.
The evidence in respect to quality and price was .conflicting; but, in -my judgment, it was quite sufficient to justify the jury in finding that the -defendant did not perform his duty as a commission merchant, by obtaining the best price for the plaintiff’s property. He sold in great haste, without notice, and for a price, according to the weight of evidence, below the market value.
The judgment and order should be affirmed, with costs.